IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLOTTE HORELICA, | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-1342-O |
| | § | |
| MICHAEL CARR, Warden, | § | |
| FMC-Carswell, | § | |
|    Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Charlotte Horelica, a federal prisoner confined at FMC-Carswell, against Michael Carr, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed without prejudice for failure to exhaust administrative remedies.

**I. BACKGROUND**

Petitioner is serving a total term of 600 months' imprisonment for her criminal convictions in the United States District Court for the Western District of Texas for sexual exploitation of children and possession of visual depictions of sexual activities by minors. Resp't's App. 8, ECF No. 9. She was also ordered to pay a special assessment of $200 and an assessment of $5000 on each count (a total of $10,000) under the Justice for Victims of Trafficking Act of 2015 (JVTA). *Id.* at 13. According to Respondent, Petitioner agreed to pay $25 per quarter through the Inmate Financial Responsibility Program (IFRP) beginning in June of 2017 to satisfy her financial obligations and has been compliant with the agreement. Resp't's Resp. 2, ECF No. 8. By way of this petition, Petitioner challenges the JVTA assessment, alleging that the assessment is unconstitutional because it was

"added" to the judgment after she began serving her sentence and because she was not charged with trafficking. Pet. 1, ECF No. 1.

## II. DISCUSSION

To the extent Petitioner asserts that the JVTA assessment was "unconstitutionally added" to the final judgment by the Bureau of Prisons (BOP), her assertion is incorrect. The convicting court imposed the assessment, which is evident from the face of the judgment. *Id.* And, any challenge to the JVTA assessment must be raised in the convicting court.

To the extent, Petitioner asserts that her "financial situation" has changed affecting her ability to meet her financial obligation through the IFRP, Respondent contends that Petitioner has failed to exhaust her administrative remedies. Federal prisoners must exhaust administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-542.18. Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. Typically, the inmate must formally appeal to the Warden, via a Request for Administrative Remedy, commonly referred to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10; and finally to the Office of General Counsel, via a form commonly referred to as a BP-11. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" when administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller,* 11 F.3d at 62.

As noted by Respondent, participation in the program is voluntary, and Petitioner provides no proof that she has requested the BOP to cease collecting the assessment through the program or that she has exhausted her administrative remedies as to her claim. Resp't's Resp. 4, ECF No. 8. Respondent provides proof that Petitioner has not presented her claim through the proper channels and she fails to allege or demonstrate that any attempt to do so would be futile. Accordingly, the petition should be dismissed to allow Petitioner to exhaust her administrative remedies.

## III. CONCLUSION

For the reasons discussed, Petitioner's petition is **DISMISSED** without prejudice for failure to exhaust her administrative remedies.

**SO ORDERED** on this 28th day of May, 2021.

                                          Reed O'Connor
                                   **UNITED STATES DISTRICT JUDGE**